## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA KOENIGSFELD, ROBERT DEARY,<br>EILEEN DUFFY, JOANN ETHERIDGE,<br>AMANDA FARNSWORTH, JAMES MELVIN<br>FASSETT, HOMER GAITHER, EDWARD T.<br>GONZALES, JEAN D. GRIFFIN, and<br>VERONICA HARRISON,<br><br>            **Plaintiffs,**<br><br>    **v.**<br><br>**MERCK & CO., INC.,**<br>One Merck Drive<br>Whitehouse Station, NJ 08839<br><br>            **Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Case No. _____ |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby petitions this Court for removal of the above-captioned action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1441 *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court:

1.      This is one of numerous personal injury cases that have been filed in both federal and state courts around the country concerning the pharmaceutical Vioxx® ("Vioxx"). On February 16, 2005, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation.* The Transfer Order directed that 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. The 148 cases subject to the Transfer Order, while

involving different and distinct facts, raise certain overlapping factual issues and allege similar legal theories. On March 4, 2005, the Panel issued Conditional Transfer Order No. 1 transferring additional federal district court cases to the United States District Court for the Eastern District of Louisiana, pending opposition from any party. Merck intends to provide notice to the Panel, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action.

2.      On or about September 28, 2007, Plaintiffs commenced this civil action, which was assigned Civil Action No. 07-ca-6603 in the Superior Court of the District of Columbia, by filing a Complaint. On or about November 27, 2007, Plaintiffs filed a First Amended Complaint for Damages ("First Amended Complaint") in the Superior Court of the District of Columbia. Merck now timely removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3.      For the reasons described below, removal of this action is proper because (1) Merck has satisfied the procedural requirements for removal and (2) this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

## I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      On November 27, 2007, Merck was served by electronic service with a Summons and the First Amended Complaint, the initial pleading setting forth the purported claims for relief. Thus, this Notice of Removal is timely since it is being filed within thirty days after receipt of the First Amended Complaint. 28 U.S.C. § 1446(b).

5.      The United States District Court for the District of Columbia embraces the county in which the state court action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 88 & 1441(a).

6.      No previous application has been made for the relief requested herein.

2

7.    A written Notice of Filing of Notice of Removal, together with a copy of this Notice of Removal, will be filed with the Clerk of Court for the Superior Court of the District of Columbia and will be served upon Plaintiffs, as required by 28 U.S.C. § 1446(d).  True and correct copies of all process, pleadings, and orders served upon Merck to date in the Superior Court of the District of Columbia are attached hereto collectively as Exhibit 1, pursuant to 28 U.S.C. § 1446(a).

## II.    REMOVAL IS PROPER IN THIS CASE BASED ON DIVERSITY JURISDICTION.

8.    As more fully described below, this Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and it is between citizens of different States.

### A.    The Amount in Controversy Exceeds $75,000.

9.    Plaintiffs allege that the amount in controversy in this personal injury action exceeds $75,000 exclusive of interest and costs.  First Am. Compl. ¶ 6.  Plaintiffs also claim that they are entitled to punitive damages from Merck.  *Id.* ¶ 91.

10.    In addition, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by Vioxx.  *See, e.g.*, *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. Aug. 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002).  These courts all were presented with complaints seeking actual and punitive damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction,

including the amount in controversy, were satisfied. These decisions, combined with the foregoing evidence, make it clear that Merck has proven "by a preponderance of the evidence" and to "a legal certainty" that the amount in controversy satisfies the requirements for federal jurisdiction.

**B.      There Is Complete Diversity Between Plaintiffs and Merck.**

11.      Paragraph 2 of the First Amended Complaint alleges that Plaintiffs are citizens and residents of states other than New Jersey.

12.      Merck is, and was at the time of the filing of this lawsuit, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Accordingly, Merck is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Accordingly, there is complete diversity between Plaintiffs and Merck.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *Katherine Leong*
Douglas R. Marvin
(D.C. Bar No. 933671)
Paul K. Dueffert
(D.C. Bar No. 435452)
Katherine Leong
(D.C. Bar No. 492457)

725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant Merck & Co., Inc.*

Dated: December 18, 2007

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on the 18th day of December, 2007, a true copy of the foregoing Notice of Removal was served U.S. first-class mail, postage prepaid to the following:

> Turner W. Branch, Esq.
> 1424 K Street, NW
> 6th Floor
> Washington, DC  20005

                                           *Katherine Leong*
                                               Katherine Leong

**Exhibit 1**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

Tina Koenigsfeld, for the Estate of Faye
C. Bell
P.O. Box 30
High Point, MO 65042

and

Robert Deary
1010 Soundview Ave. Apt. 7F
Bronx, NY 10472

and

Eileen Duffy
1031 Moraine Way #2
Greenbay, WI 54303

and

JoAnn Etheridge
6729 Miller County 4
Doddridge, AR 71834

and

Amanda Farnsworth
37 Kohl Drive
Rochester, NY 14616

and

James Melvin Fassett
424 SE Pennsylvania Street
Lake City, FL 32025

and

Homer Gaither
324 Dodwood Drive
North Augusta, SC 29841

and



**FILED**
CIVIL ACTIONS BRANCH
SEP 29 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**0006603-07**

Civil Action No:_____

**JURY TRIAL DEMANDED**




Case: 2007 CA 006603 B

Edward T. Gonzales                          §
10 Murphy Circle                            §
Peralta, NM 87042                           §
                                            §
    and                                     §
                                            §
Jean D. Griffin                             §
9902 Stephanie Lane                         §
Hagerstown, MD 21740                        §
                                            §
    and                                     §
                                            §
Veronica Harrison                           §
5227 Marlboro Pike #104                     §
Capitol Heights, MD 20734,                  §
                                            §
        Plaintiffs,                         §
                                            §
        v.                                  §
                                            §
MERCK & CO., INC.,                          §
One Merck Drive                             §
Whitehouse Station, NJ 08889                §
    w/s/o CT CORPORATION                    §
    1025 Vermont Avenue, N.W.               §
    Washington, DC 20005,                   §
                                            §
        Defendant.

## COMPLAINT
### (Vioxx Litigation)

1. Jurisdiction is founded upon 28 U.S.C. §1332.

2. Plaintiffs are citizens and residents of states other than New Jersey.

3. Defendant Merck & Co. ("Merck"), and/or its wholly-owned subsidiaries, is

engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and

distribution of pharmaceuticals throughout the United States, the United Kingdom, the

Netherlands and is doing business in the District of Columbia.

2

4. Defendant is the manufacturer of Vioxx ("VIOXX") who sold and promoted the drug to Plaintiffs, either directly, and/or through its wholly-owned subsidiaries, between May 1999, when VIOXX was approved by the FDA, and September 2004, when it was voluntarily withdrawn from the market.

5. VIOXX is a non-steroidal anti-inflammatory medication known as Rofecoxib, which was manufactured, promoted, and distributed by Defendant Merck, and/or its wholly-owned subsidiaries, as a safe and harmless pain medication in the District of Columbia, across America, as well as world wide. Merck Sharpe & Dohme BV (The Netherlands) and Merck Sharpe & Dohme Limited (United Kingdom) are wholly-owned subsidiaries of Merck. At all times relevant hereto, all the marketing, distributing, labeling, and warning for VIOXX were provided to these subsidiaries by their parent corporation Merck.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Plaintiff Tina Koenigsfeld for the Estate of Faye C. Bell is an individual who resided at all relevant times in the state of Missouri and is the surviving relative of decedent Faye C. Bell ("decedent") and is the personal representative of decedent Faye C. Bell. Between May 1999 and September 30, 2004, decedent Faye C. Bell made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Missouri. She continued to take this pill until she suffered a heart attack and died on May 29, 2003 as a proximate result of her ingestion of VIOXX.

8. Between May 1999 and September 30, 2004, Plaintiff Robert Deary made several purchases of VIOXX for prescribed treatment of pain by his physician in the state

3

of New York. He continued to take this pill until he suffered a heart attack in 2001 as a proximate result of his ingestion of VIOXX.

9. Between May 1999 and September 30, 2004, Plaintiff Eileen Duffy made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Wisconsin. She took Vioxx until she suffered a heart attack on or about June 8, 2004 as a proximate result of her ingestion of VIOXX.

10. Between May 1999 and September 30, 2004, Plaintiff JoAnn Etheridge made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Arkansas. She continued to take this pill until she had a heart attack in 2001 as a proximate result of her ingestion of VIOXX.

11. Between May 1999 and September 30, 2004, Plaintiff Amanda Farnsworth made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Arkansas. She continued to take this pill until she had a heart attack on or about May 9, 2003 as a proximate result of her ingestion of VIOXX.

12. Between May 1999 and September 30, 2004, Plaintiff Allen Kline made several purchases of VIOXX for prescribed treatment of pain by his physician in the state of New Mexico. He continued to take this pill until he suffered a heart attack in 2004 as a proximate result of his ingestion of VIOXX.

13. Between May 1999 and September 30, 2004, Plaintiff James Melvin Fassett made several purchases of VIOXX for prescribed treatment of pain by his physician in the state of Florida. He continued to take this pill until he suffered a heart attack in 2000 as a proximate result of his ingestion of VIOXX.

4

14. Between May 1999 and September 30, 2004, Plaintiff Homer Gaither made several purchases of VIOXX for prescribed treatment of pain by his physician in the state of South Carolina. He continued to take this pill until he suffered heart attacks in 2000 as a proximate result of his ingestion of VIOXX.

15. Between May 1999 and September 30, 2004, Plaintiff Edward T. Gonzales made several purchases of VIOXX for prescribed treatment of pain by his physician in the state of New Mexico. He continued to take this pill until he suffered a heart attack in November 2004 as a proximate result of his ingestion of VIOXX.

16. Between May 1999 and September 30, 2004, Plaintiff Jean D. Griffin made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Maryland. She continued to take this pill until she had a heart attack on or about May 21, 2002 as a proximate result of her ingestion of VIOXX.

17. Between May 1999 and September 30, 2004, Plaintiff Veronica Harrison made several purchases of VIOXX for prescribed treatment of pain by her physician in the state of Maryland. She continued to take this pill until she had a heart attack as a proximate result of her ingestion of VIOXX.

18. The Plaintiffs above were not in any manner informed or advised that VIOXX was an unreasonably dangerous drug, nor of the Defendant and/or Defendant's wholly-owned subsidiaries' wrongful conduct in promoting VIOXX prior to year 2004.

## FACTS APPLICABLE TO ALL COUNTS

19. Plaintiffs suffered physical injuries, including but not limited to heart injuries, which have caused and will and will continue to cause Plaintiffs injury, surgery, pain,

5

suffering, impairment of health and body efficiency, mental anguish, emotional distress, and loss of enjoyment of life.

20.  The VIOXX purchased and consumed by Plaintiffs left the possession of the Defendant, and/or its wholly-owned subsidiaries, and entered the stream of commerce with a design defect that caused ischemic events, rendering the VIOXX unreasonably dangerous.

21.  The Defendant, and/or its wholly-owned subsidiaries, learned of the risks associated with the use of VIOXX, yet continued to engage in aggressive marketing directly to consumers without providing proper warning about the risk of harm.

## COUNT I
### (Negligence)

22.  Defendant, and/or its wholly-owned subsidiaries, had a duty to exercise reasonable care, including but no limited to the following:

    a.  Design, manufacture, market and sale of safe drugs.

    b.  Not manufacture, market and sell unreasonably dangerous drugs.

    c.  Properly test VIOXX for safety.

    d.  Warn of the dangerous properties of VIOXX Defendant, and/or its wholly-owned subsidiaries, knew, should have known, and/or had reason to know existed.

    e.  Exercise the necessary degree of care expected and required of manufactures and sellers of health care products.

23.  Defendant, and/or its wholly-owned subsidiaries, were negligent, careless, reckless, willful, wanton, and grossly negligent, and deviated from their duty, including but not limited to the following particulars:

6

a. Failure to design, manufacture, market and sell safe drugs.

b. Manufacture, marketing and sale of unreasonably dangerous drugs.

c. Failure to properly test VIOXX for safety.

d. Failure to warn of the dangerous properties of VIOXX Defendant, and/or its wholly-owned subsidiaries, knew, should have known, and/or had reason to know existed.

e. Failure to exercise the necessary degree of care expected and required of manufacturers and sellers of health care products

24. As a direct and proximate result of Defendant's, and/or its wholly-owned subsidiaries', negligence and failure to warn, Plaintiffs have been injured as aforesaid.

25. Plaintiffs will also continue to suffer additional injuries due to past and future treatment and foreseeable complications, which are a direct and proximate result of Defendant's, and/or its wholly-owned subsidiaries', negligence.

## COUNT II
### (Breach of Implied Warranty)

26. All of the allegations contained in Count I are realleged and incorporated herein by reference.

27. At all times relevant to this action, Defendant, and/or its wholly-owned subsidiaries, impliedly warranted to the market that VIOXX was safe, effective, fit and proper for its intended use through statements made by Defendant, and/or its wholly-owned subsidiaries, and authorized agents and sales representatives, orally, in publications, package inserts and other written materials, to Plaintiffs, Plaintiffs' physicians and the health care community.

7

28. Defendant, and/or its wholly-owned subsidiaries knew, or should have known, that consumers, including Plaintiffs and their attending physicians, were relying on Defendant's, and/or its wholly-owned subsidiaries', skills and judgments, and the implied warranties and representations.

29. Defendant, and/or its wholly-owned subsidiaries, had a duty to comply with the warranties made concerning VIOXX. Plaintiffs bought and took VIOXX in reliance on Defendant's, and/or its wholly-owned subsidiaries', warranty.

30. Defendant, and/or its wholly-owned subsidiaries, breached this warranty as the product was found defective, i.e., not reasonably fit for its intended purpose, nor safe when taken in accordance with instructions. As a direct result of the breach of implied warranties, the Plaintiffs have been injured as aforesaid.

31. Defendant, and/or its wholly-owned subsidiaries, impliedly warranted that VIOXX was of good and merchantable quality, reasonably safe and fit for the ordinary purpose for which non-steroidal anti-inflammatory drugs are used.

32. As a direct and proximate result of Defendant's, and/or its wholly-owned subsidiaries', breach of warranties, Plaintiffs were injured and suffered damages as aforesaid.

## COUNT III
### (Strict Liability)

33. All of the allegations contained in Count II are realleged and incorporated herein by reference.

34. VIOXX is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by patients for its advertised and intended purpose of the reduction of arthritic pain without the gastric side effects.

8

35. Defendant, and/or its wholly-owned subsidiaries, are engaged or have been engaged in the business of producing VIOXX, and are, or have been, commercial manufacturers of said drug, which has caused harm.

36. Plaintiffs purchased and ingested VIOXX to alleviate pain they were experiencing, and received and ingested VIOXX in the same form and condition as it left Defendant, and/or its wholly-owned subsidiaries', possession.

37. Said product was sold in a defective and unreasonably dangerous condition when placed on the market by defendant, and/or its wholly owned subsidiaries.

38. VIOXX is a product, which Defendant, and/or its wholly-owned subsidiaries, expected to and did reach Plaintiff consumers or users without any substantial change from the condition in which it was sold. Defendant, and/or its wholly-owned subsidiaries, knew, or should have known, that consumers and their attending physicians could not realize and could not detect the dangerous nature of VIOXX. Sufficient warnings as to the substantial risks associated with VIOXX should have been provided to overcome Defendant's, and/or its wholly-owned subsidiaries', aggressive advertising techniques and campaigns promoting the safety and efficacy of VIOXX.

39. As a result of Defendant's, and/or its wholly-owned subsidiaries', marketing and promotion of said defective and unreasonably dangerous drug, Plaintiffs ingested VIOXX and have suffered injury, loss, and damages as aforesaid.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant, and/or its wholly-owned subsidiaries, for compensatory damages in the amount of $5,000,000.00 each, and punitive damages in the amount of $5,000,000.00 each, together with interest and costs.

9

Respectfully submitted,

BRANCH LAW FIRM

Turner W. Branch, Esq., # 417738
1424 K Street NW, 6th Floor
Washington, DC 20005


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues of material fact.

Respectfully submitted,

BRANCH LAW FIRM

Turner W. Branch, Esq., # 417738
1424 K Street NW, 6th Floor
Washington, DC 20005

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Tina Koenigsfield for the Estate of Faye C. Bell | |

*Plaintiff*

**0006603-07**

VS.

| | |
|---|---|
| Merck & Co., Inc., | |

Civil Action No. [          ]

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| |
|---|
| Turner W. Branch, Esq., #417738 |
Name of Plaintiff's Attorney

| |
|---|
| 1424 K Street NW, 6th Floor |
Address

| |
|---|
| Washington, DC 2005 |

| |
|---|
| 800-828-4529 |
Telephone

By [signature]

Deputy Clerk

Date [9/29/07]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-l 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

**CA Form 1**

## 𝕾𝖚𝖕𝖊𝖗𝖎𝖔𝖗 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕮𝖔𝖑𝖚𝖒𝖇𝖎𝖆
### CIVIL DIVISION
500  Indiana  Avenue,  N.W.,  Room  JM-170
Washington,  D.C.  20001  Telephone:  879-1133

Tina Koenigsfield for the Estate of Faye C. Bell, P.O. Box, High Point, MO 65042

*Plaintiff*

**0006603-07**

VS.

Merck & Co., Inc.,

Civil  Action  No. 

*Defendant*

**SUMMONS**

To  the  above  named  Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after  service of this summons to serve  your  Answer.  A  copy of the Answer must be  mailed  to the attorney  for  the  party plaintiff who  is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be  mailed  to the  plaintiff at the  address  stated  on this Summons.

      You are also required to file the  original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Turner W. Branch, Esq., #417738

Name of Plaintiff's Attorney

1424 K Street NW, 6th Floor

Address

Washington, DC 2005

800-828-4529

Telephone



By

Deputy Clerk

Date 9/29/07

PUEDE  OBTENERSE  COPIAS  DE  ESTE  FORMULARIO  EN  ESPANOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

**0006603-07**

_Tina Koenigsfeld, For the_
_Estate of Faye E. Bell_

vs

_Merck & Co., INC._

Case Number: _2007 CA 006603_

Date: _____

| Name: (please print) _Turner W. Branch, Esq._ | Relationship to Lawsuit |
|---|---|
| Firm Name: _Branch Law Firm_ | ☐ Attorney for Plaintiff |
| Telephone No.: _800-828-4529_    Six digit Unified Bar No.: _417738_ | ☐ Self (Pro Se)  Other: _____ |

TYPE OF CASE:   ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand:$ _5,000,000.00_    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☑ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

TINA KOENIGSFELD
   Vs.
MERCK & CO., INC

C.A. No.    2007 CA 006603 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date:  September 29, 2007
Initial Conference: 9:30 am, Friday, January 04, 2008
Location:  Courtroom 519
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

B
07-2287
JDB

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tina Koenigsfeld, Robert Deary, Eileen Duffy, JoAnn Etheridge, Amanda Farnsworth, James Melvin Fassett, Homer Gaither, Edward T. Gonzales, Jean D. Griffin, and Veronica Harrison | Merck & Co., Inc. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____ Hunterdon, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Turner W. Branch
Branch Law Firm
1424 K Street, NW, 6th Floor
Washington, DC 20005
(800) 828-4529

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02287
Assigned To : Bates, John D.
Assign. Date : 12/18/2007
Description: PI/Malpractice

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ◉ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☒ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ⊗ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. s 1441 et seq. - Removal from state court

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ more than $75,000   Check YES only if demanded in complaint  JURY DEMAND: YES ⊗ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ⊗ If yes, please complete related case form.

DATE 12/18/07   SIGNATURE OF ATTORNEY OF RECORD *Katherine Leong*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Tina Koenigsfeld, et al.,_
Plaintiff

v.                              Civil Action No. 07 2287
                                                12/18/07

_Merck & Co, Inc.,_
Defendant

      The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **BATES, J. JDB**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

      Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

      Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Ka Janay Scott_
Deputy Clerk

cc: Turner W. Branch

929A
Rev. 7/02